IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL HEALTHCARE SERVICES, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> PENN TREATY AMERICAN CORPORATION, : <br> et al., : <br> : <br> Defendants. : | CIVIL ACTION <br><br> NO.: 02-CV-3600 |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION
TO DISMISS COUNT TWO OF THE AMENDED COMPLAINT**

As defendants explained in their opening memorandum, the misappropriation claim in the amended complaint is deficient in at least two respects: (i) it is based on nothing more than a breach of contract and is thus barred under the gist of the action doctrine; and (ii) defendants cannot be said to have "misappropriated" something they were using pursuant to an agreement with plaintiff.  Plaintiff does not directly respond to either of these arguments in its opposition memorandum.  Rather, plaintiff simply reiterates the few, conclusory allegations of the amended complaint that purport to address the misappropriation claim, and, in a bit of pure sophistry, claims that because the breach of contract claims against some of the defendants may ultimately fail, those claims are, in fact, tort claims.  In the absence of any foundation in the amended complaint for its misappropriation claim, plaintiff – for the first time in its memorandum – resorts to the scurrilous charge that defendants actually "stole" its product.  These desperate and irresponsible arguments are meritless and warrant only a short reply.

1668623v1

First, that plaintiff may have alleged in conclusory fashion that defendants "misappropriated NHCS's 'AllRisk Healthcare' program" cannot defeat defendants' motion to dismiss. See Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997) ("a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss"); In re Walnut Leasing Co., Civ. A. Nos. 97-19699, 99-526, 2000 WL 283843, at *1 n.7 (E.D. Pa. March 15, 2000) (Ludwig, J.) (same).  In fact, plaintiff's failure to identify any other allegations to support the alleged misappropriation only underscores the point made by defendants in their opening memorandum – namely, that plaintiff's misappropriation claim is based entirely on an alleged breach of contract and is thus barred under the gist of the action doctrine.  See Bohler-Uddeholm America, Inc. v. Ellwood Group, Inc., 247 F.3d 79 (3d Cir. 2001), cert. denied, 122 S. Ct. 1173 (2002), and cases cited in defendants' opening memorandum at pages 6-7.  Similarly, in the absence of any factual allegations to support the misappropriation claim, that claim fails as a matter of law.  Barbiarz v. Bell Atlantic-Pennsylvania, Inc., Civ. A. No. 1863 Aug. Term 2000, 2001 WL 1808554, at *10 (Pa. Com. Pls. July 10, 2001).

No more convincing is plaintiff's attempt to distinguish two of the cases relied on by defendants, Bohler and Barbiarz.  While acknowledging that Bohler barred misappropriation claims under the gist of the action doctrine to the extent the use of the allegedly misappropriated information was governed by contract, plaintiff claims that its misappropriation claims are in fact "separate and distinct" from its breach of contract claims.  (Plaintiff's Mem. at 8.)  There are, however, no allegations in the amended complaint to distinguish the two claims, and plaintiff does not direct the Court to any.  Rather, plaintiff asserts – for the first time and without any reference to the amended complaint – that defendants actually "stole the AllRisk Healthcare program from NHCS."  Id.  Furthermore, plaintiff never addresses the fact that the Agreement

clearly governs issues related to the use and ownership of the AllRisk mark and product as well as the parties' freedom to market competing products. (Amended Complaint, Ex. B, Sections 1.4 & 1.5.) Nor does plaintiff allege that defendants ever breached those provisions. Plaintiff's bald assertion in its memorandum that defendants "stole" its product hardly cures these deficiencies.

With respect to Barbiarz, plaintiff has identified a series of allegedly distinguishing factors that clearly had nothing to do with the court's holding. As stated in defendants' opening memorandum, the court in Barbiarz dismissed the plaintiff-employee's misappropriation claim because the plaintiff could not establish "the essential requirement that defendants somehow 'misappropriated' property belonging to plaintiff where plaintiff submitted the [product] to be used in defendants' business." Barbiarz, 2001 WL 1808554, at *8. Similarly, plaintiff here cannot establish that defendants "misappropriated" a product they were using solely pursuant to the Agreement with plaintiff itself.

Finally, plaintiff makes the specious argument that because it may be unable to establish a breach of contract claim against some of the defendants, those claims really sound in tort, not contract. The motion to dismiss, of course, is based on the allegations of the amended complaint, not on defenses defendants may or may not assert later in this litigation. More importantly, that some defendants may ultimately be found not liable on the breach of contract claim hardly bolsters the allegations of misappropriation against those defendants. There are no allegations that any of the defendants "stole" the AllRisk Healthcare product. The inescapable fact is that defendants' use of the AllRisk Healthcare product was governed by the Agreement, and any alleged improper termination or performance of that Agreement (or any modification to it) is a contract claim, not a tort.

For the foregoing reasons and for those stated in defendants' opening memorandum, defendants respectfully request that the Court grant their motion to dismiss Count Two of the amended complaint.

Respectfully submitted,

_____
Geoffrey A. Kahn
Douglas L. Flitter
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street
Philadelphia, PA  19103
(215) 665-8500

Attorneys for Defendants

Dated:  September 23, 2002

CERTIFICATE OF SERVICE

I hereby certify that I have this day served true and correct copies of the reply memorandum in further support of defendants' motion to dismiss Count Two of the amended complaint by hand delivery upon:

> Roberto A. Rivera-Soto, Esq.
> Daniel G. Lyons, Esq.
> Fox Rothschild O'Brien & Frankel LLP
> 2000 Market Street, 10th Floor
> Philadelphia, PA  19103

Dated:  September 23, 2002                    _____
                                              Douglas L. Flitter

1668623v1