IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL HEALTHCARE | : | |
| SERVICES, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 02-CV-3600 |
| PENN TREATY AMERICA | : | |
| CORPORATION, PENN TREATY | : | |
| NETWORK AMERICA INSURANCE | : | |
| COMPANY, and SENIOR FINANCIAL | : | |
| CONSULTANTS COMPANY | : | |

ORDER-MEMORANDUM

AND NOW, this 26th day of September, 2002, defendants' [1] motion to dismiss Count Two of the amended complaint, a claim for misappropriation of an insurance product known as "AllRisk Healthcare," is denied. Fed. R. Civ. P. 12(b)(6). [2] Jurisdiction is diversity, 28 U.S.C. § 1332; and Pennsylvania law governs the substantive issues.

The following factual averments are set forth in the amended complaint. In October 1999, plaintiff National Healthcare Services, Inc. and defendant Penn Treaty Network America Insurance Company, a wholly-owned subsidiary of Penn Treaty America Corporation, entered into a written agreement under which Penn Treaty was to market "AllRisk Healthcare," an insurance product for seniors developed by plaintiff.

In February 2000, defendants distributed AllRisk to a limited number of sales

---

[1] Defendants: Penn Treaty America Corporation; Penn Treaty Network America Insurance Company; Senior Financial Consultants.

[2] In considering a Rule 12(b)(6) motion, all material fact allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff, and dismissal is appropriate only if it appears that plaintiff could prove no set of circumstances that would entitle relief. Brown v. Philip Morris, Inc., 250 F.3d 789, 796 (3d Cir. 2001).

agents, and in June 2000, the marketing program was modified at defendants' request. In August 2000, the parties by letter confirmed plans to modify the agreement again by substituting Senior Financial Consultants Company, another wholly-owned subsidiary of Penn Treaty, for Penn Treaty Network. In February 2001, although this modified agreement was not finalized, Senior Financial released AllRisk for sale in several states.

Plaintiff, without success, repeatedly sought marketing details about AllRisk from defendants. As sales of the product began to decline, plaintiff continued to inquire about defendants' promotional efforts. In November 2001, defendants terminated the agreement, asserting that there had been an unsuitable change in plaintiff's corporate management.

In January 2000, in a separate arrangement, Penn Treaty had agreed to advance plaintiff a total of $300,000 for start-up funds. Plaintiff signed, and it principals, Herbert E. Schwartz and Neil A. Forman, partially guaranteed, a promissory note in that sum.

According to the amended complaint, defendants violated the parties' agreement by failing to market AllRisk and by refusing to lend plaintiff the agreed-on amount. Amended Complaint, ¶¶ 56-61. Count Two of the amended complaint avers that defendants misappropriated AllRisk "at little or no cost to [defendants] for their own benefit and to the exclusion of NHCS." Amended Complaint, ¶ 66.

Defendants urge the dismissal of Count Two under the "gist of the action doctrine," which bars a tort claim that replicates the breach of an underlying contract. Phico Insurance Co. v. Presbyterian Medical Services Corp., 444 Pa. Super. 221, 228, 663 A.2d 753, 757 (1995).

But as our Court of Appeals has explained, a tort action will survive the "gist of the action doctrine" if:

the [tortious] wrong ascribed to the defendant [is] the gist of the action with the contract being collateral. . . . [T]he important difference between contract and tort actions is that the latter lie from the breach of duties imposed as a matter of social policy while the former lie for the breach of duties imposed by mutual consensus. <u>Redevelopment Auth. of Cambria County v. International Ins. Co.</u>, 454 Pa.Super. 374, 685 A.2d 581, 590 (1996) (en banc) (quoting <u>Phico Ins. Co. v. Presbyterian Med. Servs. Corp.</u>, 444 Pa.Super. 221, 663 A.2d 753, 757 (1995)). In other words, a claim should be limited to a contract claim when "the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied in the law of torts." <u>Bash v. Bell Telephone Co.</u>, 411 Pa.Super. 347, 601 A.2d 825, 830 (1992).

<u>Bohler-Uddeholm America, Inc., v. Ellwood Group, Inc.</u>, 247 F.3d 79, 104 (3rd Cir. 2000). In <u>Bohler-Uddeholm</u>, plaintiff sued for breach of contract, breach of fiduciary duties, misappropriation of trade secrets and civil conspiracy after the parties' joint venture had disintegrated. Although the "gist of the action doctrine" precluded an award for misappropriation of "know-how" covered by the contract, plaintiff was permitted to recover for misappropriation of client lists, pricing information, ship-to lists and customer profiles not included in the agreement.

Defendants' position here is that plaintiff's misappropriation claim is not separate and independent from the breach of contract claim. Defendants contend that the amended complaint does not allege rights or interests outside the AllRisk agreement or that defendants sold or otherwise converted the AllRisk product.

Plaintiff responds: 1) Count Two alleges theft of the AllRisk product, not simply the violation of the AllRisk agreement; and 2) dismissing the tort action could leave plaintiff without a claim against any defendant not found to be a party to the contract.

The uncertainty of the contractual relationships among the parties militates against dismissing the misappropriation claim at this stage. Additionally, as recognized in <u>Bohler-</u>

<u>Uddeholm</u>, matters related to the contract but not covered within its terms may be  the subject of a separate tort action.  <u>Id.</u>, 247 F.3d at 107.    The record does not support a finding as a matter of law that no relief outside the terms of the contract may ultimately be granted.  Dismissal of Count Two would be premature.


                                                              _____

                                                              Edmund V. Ludwig, J.

IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA


NATIONAL HEALTHCARE      :
SERVICES, INC.                :                CIVIL ACTION
                          :
     v.                  :
                          :
                          :                NO. 02-CV-3600
PENN TREATY NETWORK AMERICA
INSURANCE CORP., *et al.*


## O R D E R


AND NOW, this     day of September, 2002, the motion of defendants to dismiss

count two of the Amended Complaint is denied. Fed. R. Civ. P. 12(b)(6).




_____
       Edmund V. Ludwig, J.