## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
|                                              :  |
| NATIONAL HEALTHCARE SERVICES, INC., : CIVIL ACTION
|                                              :  |
|                          Plaintiff,         :  NO.: 02-CV-3600
|                                              :  |
|                    v.                        :  |
|                                              :  |
| PENN TREATY AMERICAN CORPORATION,:
| et al.,                                      :  |
|                                              :  |
|                          Defendants.        :  |
|_____:  |

### DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Penn Treaty American Corporation ("Penn Treaty"), Penn Treaty Network America Insurance Company ("PTNA"), and Senior Financial Consultants Company ("SFCC") (collectively, "defendants"), by their undersigned attorneys, for their Answer to Plaintiff's Amended Complaint (the "Amended Complaint"):

1.      Deny the averments of paragraph 1, except admit that plaintiff asserts claims against defendants for breach of contract and misappropriation.

2.      Defendants lack knowledge or information sufficient to form a belief as to the averments of paragraph 2, except admit that NHCS is a State of Washington corporation with its principal place of business at 4523 102nd Lane N.E., Kirkland, Washington 98033.

3. – 4.   Admit the averments of paragraphs 3 and 4.

5.      Deny the averments of paragraph 5, except admit that SFCC is a Pennsylvania corporation and maintains its principal place of business at 3440 Lehigh Street, Allentown, Pennsylvania 18103-7001.

6.      Admit the averments of paragraph 6.

7. – 8.   Deny the averments of paragraphs 7 and 8 as conclusions of law to which no response is required.

9. – 16.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 9 through 16 and therefore deny the averments and demand strict proof thereof at trial, except admit that the AllRisk program purportedly provided the services described in paragraph 14.

17.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 and therefore deny the averments and demand strict proof thereof at trial, except admit that NHCS contacted Penn Treaty regarding the AllRisk Healthcare product and program.

18.      Admit the averments of paragraph 18.

19. – 20.  Deny the averments of paragraphs 19 and 20, except lack knowledge or information sufficient to form a belief as to the truth of the averments regarding what Glen Levit recognized or communicated to NHCS and therefore deny the averments and demand strict proof thereof at trial.

21.      With respect to the averments of paragraph 21, respectfully refer the Court to Exhibit A to the Amended Complaint for the contents thereof.

22.      With respect to the averments of paragraph 22, respectfully refer the Court to Exhibit B to the Amended Complaint for the contents thereof.

23.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 and therefore deny the averments and demand strict proof thereof at trial, except respectfully refer the Court to Exhibit C to the Amended Complaint for the contents thereof.

24.     Defendants lack knowledge or information to form a belief as to the truth of the averments of paragraph 24 and therefore deny the averments and demand strict proof thereof at trial, except respectfully refer the Court to Exhibit D to the Amended Complaint for the contents thereof.

25.     Deny the averments of paragraph 25.

26.     Defendants lack knowledge or information to form a belief as to the truth of the averments of paragraph 26 and therefore deny the averments and demand strict proof thereof at trial, except respectfully refer the Court to Exhibit E to the Amended Complaint for the contents thereof.

27.     Deny the averments of paragraph 27, except admit that defendant PTNA wired $125,000 to defendant NHCS's bank account pursuant to the Promissory Note.

28.     Deny the averments of paragraph 28.

29.     Deny the averments of paragraph 29.

30.     With respect to the averments of paragraph 30, respectfully refer the Court to Exhibit F to the Amended Complaint for the contents thereof.

31.     With respect to the averments of paragraph 31, respectfully refer the Court to Exhibit G to the Amended Complaint for the contents thereof.

32.     Admit that Penn Treaty and PTNA did not, as the parties envisioned, provide a draft agreement documenting the August 21, 2000 Letter Amendment, except respectfully refer the Court to the August 21, 2000 Letter Amendment for the contents thereof.

33.     Admit the averments of paragraph 33.

34.     Deny the averments of paragraph 34.

35.     Admit that Glen Levit died unexpectedly on October 3, 2000.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 36 and therefore deny the averments and demand strict proof thereof at trial.

37.     Deny the averments of paragraph 37, except admit that while SFCC itself did not begin marketing the AllRisk program until February 2001, the program had been marketed by PTNA until that point.

38.     Deny the averments of paragraph 38, except admit that the AllRisk program was never marketed in some states because, inter alia, such marketing would have been contrary to law.

39.     Deny the averments of paragraph 39.

40.     With respect to the averments of paragraph 40, respectfully refer the Court to Exhibit H to the Amended Complaint for the contents thereof.

41.     With respect to the averments of paragraph 41, respectfully refer the Court to Exhibit I to the Amended Complaint for the contents thereof.

42. – 47.  Deny the averments of paragraphs 42 through 47.

48.     Deny the averments of paragraph 48, except respectfully refer the Court to Exhibit J to the Amended Complaint for the contents thereof.

49.     With respect to the averments of paragraph 49, respectfully refer the Court to Exhibits I and K to the Amended Complaint for the contents thereof.

50.     Deny the averments of paragraph 50.

51.     Deny the averments of paragraph 51, except respectfully refer the Court to Exhibit L to the Amended Complaint for the contents thereof.

52.     Admit the averments of paragraph 52 and respectfully refer the Court to Exhibit M to the Amended Complaint for the contents thereof.

53.     Deny the averments of paragraph 53, except admit that plaintiff demanded arbitration with the defendants in December 2001 under the Agreement.

54.     Deny the averments of paragraph 54.

55.     With respect to the averments of paragraph 55, respectfully refer the Court to Exhibit N to the Amended Complaint for the contents thereof.

## COUNT ONE

56.     Restate and reaver their answers to paragraphs 1 through 55 as though fully set forth herein.

57. – 61.  Deny the averments of paragraphs 57 through 61.

## COUNT TWO

62.     Restate and reaver their answers to paragraphs 1 through 61 as though fully set forth herein

63. – 64.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 63 and 64 and therefore deny the averments and demand strict proof thereof at trial.

65. – 67.  Deny the averments of paragraphs 65 through 67.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint, and each of the counts thereof, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's misappropriation claim is barred by the gist of the action doctrine.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

### FOURTH DEFENSE

Plaintiff's misappropriation claim is barred by the statute of limitations.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### SIXTH DEFENSE

The complaint fails as a matter of law to state a claim for punitive damages.

### SEVENTH DEFENSE

Any and all damage to plaintiff was not caused by defendants, but by the wrongful conduct of plaintiff and/or others.

### EIGHT DEFENSE

Plaintiff's claims are barred by plaintiff's failure to fulfill its obligations under its contracts with defendants, which preceded and excused any alleged breach by defendants of such contracts.

## NINTH DEFENSE

Defendants deny that they have failed to perform their contractual responsibilities, but to the extent any such failure is found, it is excused because performance was either impossible or contrary to law.

WHEREFORE, defendants pray that judgment be entered in their favor and against plaintiff, together with such other and further relief, including attorneys' fees and costs, as the Court finds just and proper.

Respectfully submitted,

_____
Geoffrey A. Kahn
Douglas L. Flitter
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street
Philadelphia, PA  19103
(215) 665-8500

Attorneys for Defendants

Dated:  October 21, 2002

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served true and correct copies of defendants'

answer to plaintiff's amended complaint by hand delivery upon:

> Roberto A. Rivera-Soto, Esq.
> Daniel G. Lyons, Esq.
> Fox Rothschild O'Brien & Frankel LLP
> 2000 Market Street, 10th Floor
> Philadelphia, PA  19103

Dated:  October 21, 2002                    _____

                                             Douglas L. Flitter