

# BYLAWS
# OF
# NATIONAL HEALTHCARE SERVICES, INC.

## ARTICLE I
## SHAREHOLDERS

**Section 1. Annual Meeting.** An annual meeting shall be held once each calendar year for the purpose of electing directors and for the transaction of such other business as may properly come before the meeting. The annual meeting shall be held at the time and place designated by the Board of Directors from time to time.

**Section 2. Special Meetings.** Special meetings of the shareholders may be requested by the President, the Board of Directors, or the holders of a majority of the outstanding voting shares.

**Section 3. Notice.** Written notice of all shareholder meetings shall be provided under this section or as otherwise required by law. The notice shall state the place, date, and hour of meeting, and if for a special meeting, the purpose of the meeting. Such notice shall be mailed to all shareholders of record at the address shown on the corporate books, at least 10 days prior to the meeting. Such notice shall be deemed effective when deposited in ordinary U.S. mail, properly addressed, with postage prepaid.

**Section 4. Place of Meeting.** Shareholders meetings shall be held at the corporation's principal place of business unless otherwise stated in the notice.

**Section 5. Quorum.** A total of the outstanding voting shares, whether represented in person or by proxy, shall constitute a quorum at a shareholders meeting. In the absence of a quorum, a majority of the represented shares may adjourn the meeting to another time without further notice. If a quorum is represented at an adjourned meeting, any business may be transacted that might have been transacted at the meeting as originally scheduled. The shareholders present at a meeting represented by a quorum may continue to transact business until adjournment, even if the withdrawal of some shareholders results in representation of less than a quorum.

**Section 6. Proxies.** At all meeting of shareholders, a shareholder may vote by proxy executed in writing. Such proxy shall be filed with the Secretary of the corporation.

**Section 7. Voting of Shares.** Each outstanding share entitled to vote shall be entitled to one vote upon each matter submitted to a vote at a meeting of shareholders. Notwithstanding anything to the contrary in these Bylaws, no actions or decision of the stockholders, including the election of Directors, shall be valid unless it is approved by the unanimous vote of all the outstanding stock of the corporation.




1

NHCS00757

**Section 8. Informal Action.** Any action required to be taken, or which may be taken, at a shareholders meeting, may be taken without a meeting and without prior notice if a consent in writing, setting forth the action so taken, is signed before or after the meeting by the shareholders who own all of the shares entitled to vote with respect to the subject matter of the vote.

**Section 9. Waiver of Notice.** A waiver of any notice required to be given any shareholders, signed by the person or persons entitled to such notice, whether before or after the time stated therein for the meeting, shall be equivalent to the giving of such notice.

**Section 10. Action of Shareholders by Communications Equipment.** Shareholders may participate in a meeting of shareholders by means of a conference telephone or similar communications equipment by means of which all persons participation in the meeting can hear each other at the same time, and participation by such means shall constitute presence in person at a meeting.

**Section 11. Minutes.** Minutes shall be kept of all meetings of the shareholders and shall be reduced to writing, signed by the Secretary or other appropriate officer and placed in the corporate minute book.

## ARTICLE II
## DIRECTORS

**Section 1. General Powers.** The business, property and affairs of the corporation shall be managed by its Board of Directors. All decisions of the Board of Directors in pursuit of its powers must be by unanimous vote of all three Directors, and the officers shall take no action unless said action has been approved by unanimous vote of the three Directors. In addition to the powers and authorities by these Bylaws the Board of Directors may exercise all such powers of the corporation and do all such lawful acts and things as are directed or required to be exercised or done by the Shareholders.

**Section 2. Number of Directors.** The corporation shall be managed by a Board of Directors consisting of three directors.

**Section 3. Election and Term of Office.** The directors shall be elected at the annual shareholders meeting. Each director shall serve a term of three years, or until a successor has been elected and qualified.

**Section 4. Quorum.** The total of the number of Directors fixed by these Bylaws shall constitute a quorum for the transaction of business at any meeting of the Board of Directors, but if less than such total is present at a meeting, a majority of the Directors present may adjourn the meeting from time to time without further notice.

**Section 5. Proxies.** At all meeting of Directors, a Director may vote by proxy executed in writing. Such proxy shall be filed with the Secretary of the corporation.

NHCS00758

# ARTICLE III
# OFFICERS

**Section 1. Number of Officers.** The officers of the corporation shall be a President, one or more Vice-Presidents (as determined by the Board of Directors), a Secretary, and a Treasurer. Two or more offices may be held by one person.

**Section 2. Election and Term of Office.** The officers shall be elected annually by the Board of Directors at the first meeting of the Board of Directors following the annual meeting of the shareholders. Each officer shall serve a one year term or until a successor has been elected and qualified.

**Section 3. Removal or Vacancy.** The Board of Directors shall have the power to remove an officer or agent of the corporation. Any vacancy that occurs for any reason may be filled by the Board of Directors.

**Section 4. President.** The President shall be the managing executive officer of the corporation, shall have general charge of the entire business, and shall have the general supervision over its property and affairs. The President may sign, with the Secretary or any other proper officer of the corporation thereunto authorized by the Board of Directors contracts and instruments which the ordinary conduct of the corporation's business requires, except in cases where the signing and execution thereof shall be expressly delegated by the Board of Directors or these Bylaws to some other officer or agent of the corporation, or shall be required by law to be otherwise signed or executed.

**Section 5. Salaries.** The salaries, if any, of the officers shall be fixed from time to time by the Board of Directors.

**Section 6. Loans.** No loans shall be made by the corporation to any officer, unless first approved by the holders of all of the voting shares.

# ARTICLE IV
# CORPORATE SEAL, EXECUTION OF INSTRUMENTS

The corporation shall not have a corporate seal. All instruments that are executed on behalf of the corporation which are acknowledged and which affect an interest in real estate shall be executed by the President or any Vice-President and the Secretary or Treasurer. All other instruments executed by the corporation, including a release of mortgage or lien, may be executed by the President or any Vice-President. Notwithstanding the preceding provisions of this section, any written instrument may be executed by any officer(s) or agent(s) that are specifically designated by resolution of the Board of Directors.

## ARTICLE V
## AMENDMENT TO BYLAWS

**Section 1. By Shareholders.** These Bylaws may be altered, amended or repealed by the affirmative vote of all of the voting stock issued and outstanding at any regular or special meeting of the shareholders.

**Section 2. By Directors.** The Board of Directors shall have the power to make, alter, amend and repeal the Bylaws of this corporation. However, any such Bylaws, or any alteration, amendment or repeal of the Bylaws may be changed or repealed by the holders of all of the stock entitled to vote at any shareholders' meeting.

## ARTICLE VI
## STOCK TRANSFERS

**Section 1. Restricted Transfers.** The Shareholders agree that it is to the best interest of the corporation that the stock of the corporation shall be restricted from passage to anyone who in not actively interested in its affairs and familiar with the management problems and politics of the corporation. Stock and shares shall mean validly issued and outstanding capital stock of the corporation as the corporation exists and shall include any successor corporation.

**Section 2. Shareholder Insolvency or Bankruptcy.** Upon the insolvency or bankruptcy of any Shareholder, if not dismissed or cured within thirty days, the corporation shall have the right and option to purchase all of the stock of such Shareholder. The purchase price for any share of stock sold and purchased under this Section 2 shall be the book value of the corporation, on the notice date, divided by the number of issued and outstanding shares of the corporation. The certificate representing the purchased stock shall be delivered to the corporation on the payment date.

**Section 3. Stock Sales and Transfers.** In the event any Shareholder should die, or become disabled, or desire to sell their stock, then the Shareholder, and/or their personal representatives and heirs, shall sell the stock to the corporation and the corporation shall purchase said stock pursuant to the provisions of Section 4 below. Disabled shall mean total disability because of physical or mental illness, so that the disabled person is unable to perform any material executive assignment with the corporation for more than twelve consecutive months. A written notice of the desire to sell shall be given to the corporation and each of the other Shareholders by certified mail. The dates of death and of the completion of the twelve months of disability shall be deemed automatic notice. The written notice described above and the automatic notice is hereinafter referred to as "the notice".

**Section 4. Purchase Price for Stock Sales and Transfers (Section 3 above).** The purchase price for sales pursuant only to Section 3 above shall be calculated using the formula specified below. This purchase price formula is intended to also include the value of existing agents, brokers and contracts that may produce income to the

5

NHCS00760

corporation, after the notice, but cannot be calculated at the time of the notice. The total purchase price formula for Section 3 sales shall be determined by the sum of the following:

4.1 The first part of the purchase price for any share of stock sold and purchased under Section 3 above shall be the book value of the corporation, on the notice date, divided by the number of issued and outstanding shares of the corporation. This portion of the purchase price shall be paid to the Shareholder on the closing date upon delivery of the stock certificate(s) evidencing the sold stock. The selling Shareholder shall, on the closing date, deliver to the corporation their resignation as an Officer and Director.

4.2 On the notice date, all "existing" agents, brokers and contracts which produce commission income to the corporation shall be listed and coded, and shall hereafter and thereafter be referred to as "coded business". If the corporation has made any contract for "new" agents, brokers and contracts prior to the date of the notice, which results in executed contracts which will produce commission income within six months of the notice, said contracts shall be included in the "coded business". The "coded business" referred to above shall be deleted from the "coded business" if they do not generate any commission income to the corporation within eighteen months of their commencement of employment or of the commencement of the contract. The purchase price portion for "coded business" will be determined by the revenue the corporation receives by the "coded business" multiplied by the Shareholder's ownership percentage at the time of notice as specified below. The percentage of ownership shall be determined by the number of the selling Shareholder's shares, divided by the number of issued and outstanding shares of the corporation at the date of the notice. The corporation shall, at closing, provide the selling Shareholder documentation specifying the corporation's obligation to make future payments to the Shareholder pursuant to this Section and Section 4.2.1 and Section 4.2.2 below.

4.2.1 The second part of the purchase price under Section 3 above shall be equal to the selling Shareholder's percentage of ownership times the corporation's net collected renewal income from "coded business" which were in existence on the date of the notice. Net collected renewal income shall be defined as the renewals collected by the corporation, less the commissions thereon paid to the agents involved, less one percent of the corporation's total renewal income from coded business in the period involved. This portion of the purchase price shall be paid monthly, after allowing reasonable time for the corporation to calculate the payment due.

4.2.2 The third part of the purchase price under Section 3 above shall be equal to the selling Shareholder's percentage of ownership times the corporation's net collected commissions from "coded business" written after the date of the notice. Net collected commissions shall be defined as the commissions on said new sales collected by the corporation, less any cancellations, less the commissions thereon paid to the agents involved, less eight percent of the

NHCS00761

corporation's total such commission income from coded business in the period involved. This portion of the purchase price shall be paid monthly, after allowing reasonable time for the corporation to calculate the payment due.

**Section 5. Limitations on Stock Shares.** The Shareholders have agreed that they will not assign, pledge, convey, encumber, hypothecate, sell or transfer their shares of stock in the corporation without the written consent of all the Shareholders, except pursuant to Sections 2 through Sections 4 above. Any and all stock certificates heretofore or hereafter issued to Shareholders shall have endorsed upon their face the following statement:

> The pledge, hypothecation, transfer or disposition of this certificate and the shares represented by it are restricted by the Corporate Bylaws dated and adopted September 1, 1999.

## ARTICLE VII
## INDEMNIFICATION

Any director or officer who is involved in litigation by reason of his or her position as a director or officer of this corporation shall be indemnified and held harmless by the corporation to the fullest extent authorized by law as it now exists or may subsequently be amended (but, in the case of any such amendment, only to the extent that such amendment permits the corporation to provide broader indemnification rights).

### Certification

I certify that the foregoing is a true and correct copy of the bylaws of the above-named corporation, duly adopted by the Shareholders and incorporator(s) on September 1, 1999.

_Ronald H. Furman_
Ronald H. Furman, Secretary

7

NHCS00762