IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL HEALTHCARE SERVICES, INC. | CIVIL ACTION<br>NO. 02-CV-3600 |
| Plaintiff, | |
| v. | |
| PENN TREATY AMERICAN CORPORATION<br>- and -<br>PENN TREATY NETWORK AMERICA<br>INSURANCE COMPANY<br>- and -<br>SENIOR FINANCIAL CONSULTANTS<br>COMPANY | |
| Defendants. | JURY TRIAL DEMANDED |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS

Plaintiff National Healthcare Services, Inc. ("NHCS") hereby propounds the following interrogatories upon defendants Penn Treaty American Corporation ("**Penn Treaty**"), Penn Treaty Network America Insurance Company ("**PTNA**") and Senior Financial Consultants Company ("**SFCC**") (collectively, "**Defendants**") to be answered within thirty (30) days of service hereof.

### INSTRUCTIONS

1. Each of the following interrogatories shall be answered separately and fully in writing.

2. Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, employees, servants, officers, directors,



PLAINTIFF'S EXHIBIT M

accountants, attorneys (unless privileged), or other persons acting or purporting to act on behalf of the party to whom these interrogatories are addressed. You must make inquiries of your agents, employees, etc., whenever such inquiry is necessary to enable you to answer these interrogatories completely and accurately.

3. When, after a reasonable and thorough investigation, you are unable to answer any interrogatory, or any part thereof, because of lack of information available to you, specify in full and complete detail the reason the information is not available to you and what has been done to locate such information. Answer the portion you are able to and in addition, specify what knowledge or belief you have concerning the unanswered portion of the interrogatory and set forth the facts upon which such knowledge or belief is based.

4. Where an interrogatory does not specifically request a particular fact, but where such fact or facts are necessary to make the answer to the interrogatory either comprehensible or complete, or not misleading, you are requested to include such fact or facts as part of the answer, and the interrogatory shall be deemed specifically to request such fact or facts.

5. If, in answering these interrogatories, you encounter any ambiguity in a question, instruction, or definition, set forth the matter deemed ambiguous and the interpretation you used in answering.

6. If you assert a privilege, work product immunity, or decline to provide an answer on the basis of some other objection, please:

    (1) identify and describe the document or communication in question;

    (2) describe the basis for the asserted privilege or objection;

    (3) identify every person to whom the document was sent, or every person present when the communication was made; and

2

(4) to the extent that they are not otherwise identified in the course of answering these interrogatories, identify all documents on which you rely in answering these interrogatories.

**DEFINITIONS**

1. The word "or" means and/or.

2. The word "person" means any natural individual in any capacity whatsoever, or any entity or organization, including divisions, departments, or other units therein, and shall include, without limitation, a public or private corporation, partnership, joint venture, voluntary unincorporated association, organization, proprietorship, trust, state, government agency, commission, bureau or department.

3. The term "document" includes, but is not limited to, any written or graphic matter of any kind or character, however produced or reproduced; any electronically or magnetically recorded matter of any kind or character, however produced or reproduced; and any other matter constituting the recording of data or information upon any tangible thing by any means, as well as any tangible thing on which information is recorded in writing, sound, electronic or magnetic impulse, or in any other manner, including but not limited to paper, cards, tapes, film, electronic facsimile, computer storage devices, video discs or any other media. For purposes of this definition, "matter" shall include, but shall not be limited to paper, cards, tapes, film, electronic facsimile, computer storage devices, video discs, memoranda, notes, minutes, records, photographs, correspondence, electronic mail, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books pamphlets, periodicals, appointment calendars, records and recordings of oral conversations, and work papers, and shall

3

also include, but shall not be limited to, originals plus all copies which are different in any way from the original whether by handwritten notes, interlineation, receipt stamp notation, indication of copies sent or received, or otherwise, as well as all preliminary versions, drafts or revisions of any of the foregoing and any supporting, underlying or preparatory material, which are in your possession, custody or control or in the possession, custody, or control of your present or former agents, representatives, or attorneys, or any and all persons acting on their behalf.

4. The term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including, without limitation, correspondence, documents, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings.

5. The word "identify", or words of similar import, when used in reference to:

(1) a natural individual, requires you to state his or her full name, and present or last known residential address, business address, and telephone number;

(2) a business, requires you to state the full name or style under which the business is conducted, its business addresses, its telephone numbers and the identity of the persons who own, operate, and control the business;

(3) a document, requires you to state its title, its date, the names of its authors and recipients, and its present or last known location and custodian. If any document was, but no longer is, in your possession or subject to your control, state: (i) what disposition was made of it; (ii) the date thereof; (iii) the person responsible for making the decision as to such disposition; and (iv) the person responsible for carrying out such disposition; and

(4)  a communication, requires you, if any part of the communication was written, to identify the documents which refer to or evidence the communication, and, if any part of the communication was non-written, to identify the person participating in or otherwise present during all or part of the communication, and describe the substance thereof.

6. When an interrogatory requires you to "describe", "state the reasons", "state the basis of" or "state the facts" on which you rely to support a particular claim, contention, or allegation, state in your answer each and every fact and identify each and every communication or document which you contend supports, refers to, or evidences such claim, contention, or allegation and identify any persons who are or were parties thereto or have knowledge thereof.

7. The words "you" and "your" refer to Defendants.

8. The word "Agreement" refers to the Agreement between NHCS and PTNA, dated October 21, 1999, as amended.

## INTERROGATORIES

1. Identify all witnesses you intend to call at trial and, for each witness identified, describe that person's expected testimony.

2. Identify all documents that you intend to introduce or use at trial.

3. Identify all representatives of Defendants involved in the formation and performance of the Agreement and, for each person identified, describe that person's specific role, including his or her responsibilities and all actions taken to fulfill those responsibilities.

4. In which states did Defendants market the AllRisk Healthcare program for each of the years 1999, 2000 and 2001?

5. Describe how Defendants marketed the AllRisk Healthcare program in each of the states included in your answer to the previous interrogatory, specifically identifying the representatives of Defendants responsible for such marketing.

6. Categorized by state, identify all agents approved and appointed to sell AllRisk Healthcare for each of the years 1999, 2000 and 2001.

7. (a) Describe any and all efforts you made to enter the markets in the remaining states (i.e., states not included in your answers to interrogatories 4 through 6) for purposes of selling the AllRisk Healthcare program.

(b) Describe how and why these efforts, if any, were unsuccessful.

8. Categorized by state, how much revenue did Defendants receive through sales of the AllRisk Healthcare program for each of the years 1999, 2000 and 2001?

9. Identify and describe all expenditures made by Defendants in connection with the AllRisk Healthcare venture.

6

10. Describe any and all training provided by Defendants to agents concerning the sale of AllRisk Healthcare, specifically identifying the representatives of Defendants responsible for such training.

11. Identify all persons involved in your decision to terminate the Agreement, and describe each person's role in that decision.

12. Identify and describe the alleged "material change in the management of [NHCS]" referenced in the termination notice attached as Exhibit "J" to the amended complaint filed in this action.

13. Identify and describe the "management functions" allegedly assumed by Michael Callahan, as referenced in the termination notice attached as Exhibit "J" to the amended complaint filed in this action.

14. How and why did you determine that the purported change in the management of NHCS was "material"?

15. Identify all ratings Defendants received from A.M. Best Co. from January 1, 1999 to the present, specifying the exact date when the ratings were received. Include all changes in Defendants' A.M. Best Co. ratings during this time period and the dates thereof.

16. Identify all states in which Defendants' license to write and/or sell insurance was suspended or revoked from January 1, 1999 to the present, specifying the effective date of the suspension or revocation, and the reasons therefor.

17. Identify and describe all regulatory actions taken against Defendants from January 1, 1999 to the present due to Defendants' financial condition, specifying the effective date of the action and the reasons therefor.

18. Identify all states in which Defendants voluntarily ceased selling insurance products from January 1, 1999 to the present, specifying the effective date and reason for each such voluntary cessation.

19. At what price was Penn Treaty's stock selling (per share) as of the close of business on October 21, 1999 and November 5, 2001, respectively?

8

20. Identify all facts, witnesses and documents that allegedly support each of Defendants' affirmative defenses to the amended complaint filed in this action.

*[signature]*
Roberto A. Rivera-Soto
Daniel G. Lyons
FOX, ROTHSCHILD, O'BRIEN & FRANKEL, LLP
2000 Market Street – Tenth Floor
Philadelphia, Pennsylvania 19103-3291
(215) 299-2000

ATTORNEYS FOR PLAINTIFF,
NATIONAL HEALTHCARE SERVICES, INC.

**DATED:** November 5, 2002

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served Plaintiff's First Set of Interrogatories Directed to Defendants, via first-class U.S. mail, upon the following:

>Geoffrey A. Kahn, Esquire
>Douglas L. Flitter, Esquire
>Ballard Spahr Andrews & Ingersoll, LLP
>1735 Market Street
>51st Floor
>Philadelphia, PA  19103-7599

_____
DANIEL G. LYONS

**DATED:** November 5, 2002