Fax:610-967-1098         Jan 11 '00  14:02   P.02/03

PLAINTIFF'S
EXHIBIT
B

## Promissory Note

This AGREEMENT is made and entered into this __11__ day of January, 2000 by and between Penn Treaty Network America, a Pennsylvania corporation ("Creditor") and National Healthcare Services, Inc. ("Debtor"), a Washington Corporation.

WHEREAS, Creditor and Debtor have executed an agreement to enter into a joint venture for the marketing and sale of a non-insurance discount product ("the Enterprise"); and,

WHEREAS, Debtor intends to expend monies in the start-up, marketing and establishment of the Enterprise ("Costs"); and,

WHEREAS, Creditor desires to extend a credit facility (the "Line") to Debtor of up to three hundred thousand dollars ($300,000.00) for the sole use of Debtor in funding Costs.

NOW, THEREFORE, intending to be legally bound, and in consideration of the mutual covenants set forth herein, the parties agree as follows:

1. The Line shall be extended for a period of no more than thirty-six (36) months from the date of this Promissory Note ("Term") unless otherwise terminated by either Creditor or Debtor due to the discontinuance of the Enterprise or any other matter by which the Creditor has good and substantive reason to believe that Debtor is no longer financially capable of repaying any advanced funds or interest arising from borrowings under the Line.

2. In the event of termination of the Line by Creditor, Creditor will notify Debtor in writing, but shall not be obligated to advance funds under the Line beyond the date of notice of termination sent to Debtor either by U.S. Mail or facsimile.

3. Shareholders of the Debtor ("Shareholders"), as identified by the signatories of this Promissory Note, agree to personally and individually indemnify and guarantee the Creditor for advances under the Line in an amount equal to twenty-five percent (25%) of the outstanding balance advanced plus interest (as calculated in Section 6 below) per individual Shareholder.

4. Advances shall be made as soon as practicable by Creditor upon written request signed by all Shareholders. Advances shall be made in increments of twenty-five thousand dollars ($25,000) up to the remaining availability of the Line. Availability shall be defined as three hundred thousand dollars ($300,000.00) less all prior outstanding advances less accrued interest.

5. Aggregate advances during the Term shall not exceed three hundred thousand dollars ($300,000.00), regardless of outstanding balances.

6. Interest shall be calculated from time of each advance using a fixed-rate of interest, equal to the First Union National Bank prime rate at the time of advance plus two percent ("Interest Rate"). Interest shall be calculated on a simple basis, calculated as the advance multiplied by the Interest Rate multiplied by the number of days since the advance divided by three hundred, sixty-five (365).

7. No interest payment will be required within six months following any advance. However, interest will accrue during this time. After six months, all accrued interest will be added to the outstanding balance of the advance for purposes of future interest calculations and outstanding Line balance. Current monthly interest will become payable each month thereafter, as defined by the outstanding advance plus accrued interest multiplied by the Interest Rate multiplied by the number of calendar days in the preceding month divided by three hundred, sixty-five (365), with no subsequent advances made until current interest is paid.

8. Principal payments shall be made monthly, beginning no later than twelve months after each individual advance. Principal payments shall be made as one twelfth of the sum of the outstanding balance of any advance plus accrued interest.

EXHIBIT
Waite-4
10/21/03  MR

9. Any payment of interest or required principal repayment remaining due and unpaid more than thirty (30) days following the aforementioned schedule shall constitute default under this Promissory Note and may cause the revocation of this Line and immediate action for collection of the then outstanding principal and interest amounts.

10. Miscellaneous:

(a) This Promissory Note constitutes the entire agreement between the parties with respect to the subject matter hereof. It shall not be modified except by a written agreement dated subsequent to the date of this Promissory Note and signed by authorized representatives of both parties.

(b) None of the provisions of this Promissory Note shall be deemed to have been waived by any act or acquiescence on the part of PTNA, its agents, or employees but only by an instrument in writing signed by an authorized officer of PTNA. No waiver of any provision of this Promissory Note shall constitute a waiver of any other provision(s) or of the same provision on another occasion. Failure of PTNA to enforce any provision of this Promissory Note shall not constitute waiver of such provision or any other provisions of this agreement.

(c) If any action at law or in equity is necessary to enforce or interpret the rights arising out of or relating to this Promissory Note, the prevailing party shall be entitled to recover reasonable attorney's fees, costs and necessary disbursements in addition to any other relief to which it may be entitled.

(d) This Promissory Note shall be construed and governed by the laws of the State of Pennsylvania, and both parties further consent to jurisdiction by the state and federal courts sitting in the State of Pennsylvania.

(e) If any provision of this Promissory Note shall be held by a court of competent jurisdiction to be illegal, invalid or unenforceable, the remaining provisions shall remain in full force and effect. Should any of the obligations of this Promissory Note be found illegal or unenforceable as being too broad with respect to the duration, scope or subject matter thereof, such obligations shall be deemed and construed to be reduced to the maximum duration, scope or subject matter allowable by law.

(f) All obligations created by this Promissory Note shall survive change or termination of the parties' business relationship.

IN WITNESS WHEREOF, this Promissory Note has been executed as of the __11__ day of January, 2000.

PENN TREATY NETWORK AMERICA
INSURANCE COMPANY

By: _____

NATIONAL HEALTHCARE SERVICES, INC.

By: _____

WITNESS:                                     SHAREHOLDERS:

_____                    _____
                                             Herbert E. Schwartz

_____                    _____
Virginia Nicholson                           Neal A. Forman