IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONAL HEALTHCARE SERVICES, INC. :    CIVIL ACTION
                                     :
                v.                   :
                                     :
PENN TREATY AMERICAN CORPORATION,    :
et al.                               :    No. 02-cv-3600


ORDER


   **AND NOW**, this ____ day of March, 2004, upon
consideration of Plaintiff's Motion for Partial Summary Judgment
as to Liability (Docket #39), the defendants' opposition thereto,
and the plaintiff's reply in support of the motion, and upon
consideration of Defendants' Motion for Summary Judgment (Docket
#40), the plaintiff's opposition thereto, and the defendants'
reply in support of the motion, and after oral argument held on
February 26, 2004, it is hereby ORDERED and DECREED that said
motions are denied, except that defendants' motion is granted by
consent of the plaintiff in so far as it relates to the note.

   The plaintiff's motion and one aspect of the
defendants' motion seek summary judgment on the plaintiff's claim
that the defendants violated an agreement that the parties
entered into by wrongfully terminating it on November 5, 2001.
During oral argument on the motions, counsel for the plaintiff
and counsel for the defendants eloquently marshaled the facts
that each side believes mandates summary judgment for their
respective clients.  Having heard all the facts, the Court

concludes that the only way it could grant summary judgment would be to accept the plaintiff's narrow reading of what is meant by a material change in management.  The plaintiff argues that this phrase means a change in the directors of the plaintiff.  If the Court were to accept that definition, it could grant summary judgment to the plaintiff.  The Court, however, rejects that narrow definition of material change in management.  All of the other possible definitions of management lead to a denial of both motions.

Although there are not many facts in dispute, the context of those facts is very much in dispute.  For example, what was meant by certain words in documents may become important to the fact finder here.  The fact finder will also want to judge the credibility of the main witnesses.  For these reasons, the Court denies summary judgment on the termination issue.

The defendants also move for summary judgment on damages, arguing that any damages sought by the plaintiff would be speculative because the contract at issue related to an entirely new type of business.  The Court holds that it is premature to make any decision on whether the damages are speculative.  By agreement of the parties, the preparation of expert reports and expert discovery was put off pending the Court's decision on summary judgment.  The Court recognizes that there are often issues when a plaintiff seeks to recover damages

for the failure of a new business venture.  However, it is too soon for the Court to venture into this area.

There is one aspect of the defendants' motion which the plaintiff concedes, that relates to the promissory note that is referenced in the complaint.  The plaintiff stated at oral argument that it does not have a separate promissory note claim. Therefore, the Court will grant summary judgment to the defendants to the extent that the complaint can be read to contain a separate claim based on the note.

BY THE COURT:

_____
MARY A. McLAUGHLIN, J.

3