UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL HEALTHCARE SERVICES, INC., <br><br> Plaintiff, <br> v. <br><br> PENN TREATY AMERICAN CORPORATION, *et al.*, <br><br> Defendants. | CIVIL ACTION <br> NO. 02-CV-3600 |

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO AMEND ANSWER**

Defendants Penn Treaty American Corporation, Penn Treaty Network America Insurance Company ("PTNA"), and Senior Financial Consultants Company (collectively, "Defendants"), by their undersigned attorneys, respectfully submit this Memorandum of Law in support of their motion, pursuant to FED. R. CIV. P. 15, to amend their Answer to add a counterclaim against National Healthcare Services, Inc. ("Plaintiff" or "NHS") for breach of contract.[1]

**I.
INTRODUCTION**

Defendants seek to amend their Answer to assert a single counterclaim for breach of contract by NHS. The agreement between Defendants and NHS that is the subject of this dispute provides that NHS shall indemnify for "reasonable attorneys' fees

---

[1] A copy of Defendants' proposed Amended Answer and a redlined copy of the Amended Answer are attached hereto as Exs. "A" and "B" to the Affirmation of David Yohai ("Yohai Aff."), submitted in conjunction herewith, and incorporated herein by reference.

and associated costs, incurred as a result of or in connection with any breach on the part of NHS of any duty or obligation" under the contract. See Contract between NHS and PTNA dated October 21, 1999 at § 8.2 ("Contract"), Yohai Aff. Ex. "C." In connection with this dispute regarding the All-Risk discount health benefits program ("All-Risk"), Defendants have incurred substantial attorneys' fees and costs, which will only continue to grow given the recently failed settlement efforts between the parties.

Defendants have already pled, in their Answer, that they are entitled to attorneys' fees in this matter if they prevail. Moreover, they have specifically pled, as a defense, that "Plaintiff's claims are barred by Plaintiff's failure to fulfill its obligations under its contracts with defendants, which preceded and excused any alleged breach by defendants of such contracts." See Answer, Eighth Defense, Yohai Aff. Ex. "D." It is this very failure to fulfill its obligations under the pertinent contract that serves as the basis for Defendants' breach of contract claim.[2] Accordingly, there is no prejudice to Plaintiff resulting from this amendment as Defendants' claim for breach is the mirror image of this defense and therefore injects no new factual issues into the case. The Court should grant this motion, in light of the Third Circuit's liberal policy with respect to

---

[2] More particularly, as set forth more fully in Defendants' amended answer and counterclaim, Defendants' breach of contract claim is based upon NHS's failure to fulfill its obligations with respect to "program development, management and service functions" (as set forth more fully in Exhibit B of the Contract, Yohai Aff. Ex. "C") including, inter alia, by failing to manage development of fulfillment packages, failing to develop Program logistics, failing to develop a provider network, failing to maintain a toll-free customer service number, and by involving Michael Callahan – an attorney with absolutely no experience in the discount card or healthcare industries – in the management of NHS and All-Risk. NHS' own witnesses acknowledged that these were NHS' responsibilities under the Contract. Schwartz Dep. at 119–21 (Yohai Aff. Ex. "E"); Forman Dep. at 230 (Yohai Aff. Ex. "F").

amendment of pleadings, and the fact that the proposed counterclaim would not in any way prejudice NHS.

Defendants make this motion to make absolutely clear that, if they prevail, they will be entitled to fees and costs from Plaintiff. Because Defendants were hopeful that the parties could come to some resolution regarding the claims involved in this case without the need for a trial, they did not raise this counterclaim for breach of contract at an earlier date. Rather than wait until a time close to trial, at which point Defendants could request that the Court conform the pleadings to the evidence, Defendants make this motion now, well in advance of any potential trial, to give Plaintiff, and its principals, the maximum potential notice of this claim.[3] Since the proposed amendment does not prejudice NHS, and because Defendants are contractually entitled to costs and attorneys' fees, the Court should grant this motion to amend to assert a claim for breach of contract, so that Defendants can recover the damages that continue to flow from NHS' numerous breaches.[4]

---

[3] If Defendants prevail on their breach of contract claim and collect their fees, to the extent that Defendants are unable to collect from NHS on any part of that judgment, Defendants intend to proceed on an alter-ego theory against NHS' principals, Neal Forman ("Forman") and Michael Callahan ("Callahan"). Mr. Forman has already admitted under oath that he used NHS' funds as a personal checking account to, among other things, pay "personal expenses" such as his "mortgage" (see Forman Dep. at 116, 121, Yohai Aff. Ex. "F"). Moreover, he has admitted, as NHS' 30(b)(6) witness, that he ignored the company's corporate form by acting contrary to the corporation's by-laws in transferring shares of stock to Callahan. See, e.g., Forman Dep. at 57, Yohai Aff. Ex. "F" (admitting that shares in NHS were transferred to Callahan "in contravention of the bylaws.").

[4] Defendants make this motion without prejudice to their argument that they are in any event entitled to such attorneys' fees and costs based upon their assertion of the defense of non-performance and the contractual indemnification language.

## II.
## ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure, which governs the amendment of pleadings, "embodies the liberal pleading philosophy of the federal rules. The Third Circuit has held that this liberal philosophy limits a district court's discretion to deny motions to amend, permitting denials only if a [litigant's] delay in seeking amendment is undue, motivated by bad faith, prejudicial to the opposing party, or when the amendment would be futile." DiCicco v. Willow Grove Bank, 308 F. Supp. 2d 528, 532 (E.D. Pa. 2004) (holding that an amendment was not futile because opposing party could not show that "no relief could be granted under any set of facts that could be proved."); Foman v. Davis, 371 U.S. 178 (1962); FED. R. CIV. P. 15(a).

Granting Defendants' motion to amend would be consistent with the liberal standards guiding amendments under the Federal Rules. Indeed, there is a presumption in favor of permitting litigants to pursue the merits of their claims to trial. See Davis v. Yellow Cab Co., 35 F.R.D. 159, 160–161 (E.D. Pa. 1964) ("Ordinarily, courts exercise discretion liberally in permitting amendments, so as not to deprive a litigant of a chance to bring his case to trial.") (internal citation omitted). Additionally, there was no bar date established in this matter for amendments to pleadings and therefore the amendment is appropriate at this time.

Moreover, there is no prejudice to NHS from allowing this amendment. It is well-settled that "mere delay" is an insufficient basis for denying a motion to amend "absent a concomitant showing of undue prejudice." Zygmuntowicz v. Hospitality Investments, Inc., 151 F.R.D. 53, 55 (E.D. Pa. 1993) (permitting plaintiffs to amend their

complaint to add a claim for punitive damages).[5]  Here, although Defendants' original Answer was filed some time ago, the parties had been attempting to negotiate a resolution for over seven months.  Furthermore, this motion is being made well in advance of any trial in the matter.[6]

Courts in the Third Circuit have defined "prejudice" under Rule 15 as "undue difficulty in prosecuting a position as a result of a change in tactics or theories." Zygmuntowicz, 151 F.R.D. at 55 (citing Caterpillar Tractor Co., 596 F. Supp. 697, 705 (E.D. Pa. 1984).  Thus, in order to show prejudice for purposes of Rule 15, NHS must meet its "heavy burden" of showing "that [it was] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." Roche v. E.F. Hutton & Co., Inc., 658 F. Supp. 315, 321 (M.D. Pa. 1986).

Here, NHS can in no way satisfy this "heavy burden" requiring a showing of unfair disadvantage or deprivation of an opportunity to present evidence.  As set forth

---

[5] See also 35A C.J.S. FEDERAL CIVIL PROCEDURE § 405 ("A pleading may be amended at any time, such as after a pre-trial conference, after the close of discovery, at or after trial, after final judgment, at the appellate level, and even after remand to the district court. Delay, standing alone, is an insufficient basis for denying leave to amend, and this is true no matter how long the delay.").

[6] Significantly, Pennsylvania courts have even permitted the amendment of pleadings several years after the filing of a complaint, where an amendment would not materially prejudice the non-moving party.  See Hirshhorn v. Mine Safety Appliances Co., 101 F. Supp. 549, 553 (W.D. Pa. 1951) (permitting the amendment of a complaint over seven years after filing because the complaint as originally pleaded sufficiently apprised the defendant of the "nature and basis of the claim asserted . . . ."); Davis v. Yellow Cab Company, 35 F.R.D. 159, 161–62 (E.D. Pa. 1964) (permitting the amendment of a complaint two years after the filing because "the facts alleged are not complicated and nothing has been offered to indicate that defendant has suffered any material prejudice by reason of the delay.").

above, Defendants' Answer raised NHS's non-performance as a defense, and the identical facts that support this non-performance defense also serve as the basis for Defendants' proposed counterclaim. Indeed, Defendants' Answer specifically states: "Plaintiff's claims are barred by Plaintiff's failure to fulfill its obligations under its contracts with defendants, which preceded and excused any alleged breach by defendants of such contracts."[7] Thus, permitting Defendants to amend their Answer to include a counterclaim for breach of contract would not raise any new issues and would result in some efficiencies.[8] Nor does the proposed counterclaim require any additional discovery, given that the facts related to NHS's non-performance are uniquely within the province of Plaintiff's own knowledge.[9] Moreover, the Answer as originally pled contains a request for costs and attorneys' fees. Thus, NHS cannot show that permitting Defendants' amendment deprives NHS of the ability to pursue any theories or to present any facts. See Zygmuntowicz, 151 F.R.D. at 55; Roche v. E.F. Hutton & Co., Inc., 658

---

[7] See Answer, Eighth Defense, Yohai Aff. Ex. "D."

[8] If Defendants are not permitted to amend their answer to include their counterclaim against NHS, they may be forced to pursue an entirely separate lawsuit: however, "it is clearly preferable to dispose of all of the contentions between [the] parties in one proceeding." Merrill Lynch Business Financial Services, Inc. v. Plesco, Inc., 859 F. Supp. 818, 824 (E.D. Pa. 1994) (citing Jenn-Air Products Co. v. Penn Ventilator, Inc., 283 F. Supp. 591, 594 (E.D. Pa. 1968)).

[9] See e.g., Russo v. Abington Memorial Hospital, 881 F. Supp. 177, 183 (E.D. Pa. 1995) (permitting a defendant to amend its answer to add a cross-claim related to a defense already asserted because presumably the co-defendant had "investigated every aspect of this dispute"); Manfredonia v. Kelly, 1991 WL 59896, Civ. No. 90-5486, *1 (E.D. Pa. Apr. 11, 1991) (holding, in part, that the necessity of additional discovery is not sufficient prejudice to bar an amendment regarding separate items of damages recoverable arising from the same transaction). Zygmuntowicz, 151 F.R.D. at 55 (holding that the amendment of the complaint to add a claim for punitive damages was permissible under FED. R. CIV. P. 15(a) because the "claim revolves around the same set of facts as in the original complaint" and would not "significantly expand the scope of . . . preparation.").

F. Supp. at 321; see also Azarbal v. Medical Center of Delaware, Inc., 724 F. Supp. 279, 284–85 (D. De. 1989) ("To demonstrate prejudice, the non-moving party must show that it will be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it could have offered had the amendment been timely."). As such, the proposed counterclaim does not inflict any undue prejudice upon NHS. Accordingly, Defendants' motion should be granted.

## III.
## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for leave to amend their Answer pursuant to FED. R. CIV. P. 15(a).

Dated:        January 7, 2005

*/s/ David Y.*
Mindy J. Spector
David L. Yohai

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
(212) 310-8000

-and-

Martin C. Bryce, Jr.
Douglas L. Flitter
BALLARD SPAHR ANDREWS &
    INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500
Attorneys for Defendants