IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL HEALTHCARE SERVICES, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PENN TREATY AMERICAN CORPORATION, et al. | : | No. 02-3600 |

ORDER

AND NOW, this 27th day of January, 2005, upon consideration of defendants' motion to amend answer to add a counterclaim (Docket No. 60), plaintiff's opposition (Docket No. 61), and defendants' reply thereto (Docket No. 62), IT IS HEREBY ORDERED that said motion is GRANTED for the reasons and under the conditions stated below.  IT IS FURTHER ORDERED that the defendants shall file their amended answer and counterclaim within ten days of the issuance of this order.

Rule 15(a) states that leave to amend a pleading "shall be freely given when justice so requires."  The Supreme Court has set out the reasons that could defeat a request to amend a pleading: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962).

The Court concludes that there has been delay but that it has not been undue. On March 17, 2004, following the Court's denial of both parties' motions for summary judgment, the Court, upon agreement of the parties, referred this case for a settlement conference with Magistrate Judge Linda K. Caracappa. The settlement process went on until November 18, 2004, when Judge Caracappa sent a letter to this Court stating that the settlement conference in the matter was unsuccessful. The Court then requested counsel to agree on a schedule for resolution of the remainder of the case. The parties did that and the Court signed the proposed scheduling order on December 7, 2004. There was no mention up to that point of any request by the defendants to amend their answer to the complaint.

The Court is somewhat concerned that the defendants did not make this request at least at the time of the proposed scheduling order; but, it is also true that the plaintiff was on notice of these issues through the defendants' answer that pleads a defense that the plaintiff failed to perform under the contract. The Court has reviewed the deposition excerpts submitted with the motion; and, it also appears that the defendants did question the plaintiff's witnesses about issues with respect to their failure to perform under the relevant contract.

Nor does the Court find any bad faith or dilatory motive on the part of the defendants. The plaintiff does argue that the defendants did not think of this theory until the plaintiff raised it during confidential settlement discussion. The defendants, however, have represented that they raised this issue in their filings back in August 2004 prior to their settlement conference with Judge Caracappa. In any event, the Court does not believe it is appropriate to get into a investigation of what happened at the settlement conference. Such an endeavor would probably be futile.

The most important consideration for the Court, of course, is whether or not the amendment will cause undue prejudice to the plaintiff. The Court is concerned that there may be a need for additional discovery on the counterclaim. It does appear that at least some questioning on these issues was done by the defendants at the depositions but the plaintiff may need more discovery. The Court, therefore, will hold a conference with counsel in chambers to discuss the nature of any additional discovery requested by the parties, a schedule for such discovery, and whether or not the defendants should bear the burden of the expense of some of this additional discovery.

Another consideration that the cases discuss is whether or not amendment would be futile. By granting this motion, the Court does not express any view as to the merits of the

counterclaim, for example, whether paragraph 8.2 of the contract allows for attorneys fees and expenses in the case of a breach by one of the parties to the contract.

The conference to discuss the issues raised in this order will take place on Friday, February 11, 2005, at 1:00 P.M., in Chambers, Room 3809, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.


BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.



Faxed by Chambers:
Stephanie Resnick, Esq. (215-299-2150)
Mindy J. Spector, Esq. (212-310-8007)
Douglas L. Flitter, Esq. (215-864-9168)