IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL HEALTHCARE SERVICES, INC. : | |
| : | CIVIL ACTION |
| Plaintiff, : | NO.: 02-CV-3600 |
| : | |
| v. : | |
| : | |
| PENN TREATY AMERICAN CORPORATION,: et al., | |
| : | |
| Defendants. : | |

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Penn Treaty American Corporation ("Penn Treaty"), Penn Treaty Network America Insurance Company ("PTNA"), and Senior Financial Consultants Company ("SFCC") (collectively, "defendants"), by their undersigned attorneys, submit this First Amended Answer to Plaintiff's Amended Complaint (the "Amended Complaint"):

1. Deny the averments of paragraph 1, except admit that plaintiff asserts claims against defendants for breach of contract and misappropriation.

2. Defendants lack knowledge or information sufficient to form a belief as to the averments of paragraph 2, except admit that NHCS is a State of Washington corporation with its principal place of business at 4523 102nd Lane N.E., Kirkland, Washington 98033.

3.–4. Admit the averments of paragraphs 3 and 4.

5. Deny the averments of paragraph 5, except admit that SFCC is a Pennsylvania corporation and maintains its principal place of business at 3440 Lehigh Street, Allentown, Pennsylvania 18103-7001.

6. Admit the averments of paragraph 6.

  7.–8. Deny the averments of paragraphs 7 and 8 as conclusions of law to which no response is required.

  9.–16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 9 through 16 and therefore deny the averments and demand strict proof thereof at trial, except admit that the AllRisk program purportedly provided the services described in paragraph 14.

  17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 17 and therefore deny the averments and demand strict proof thereof at trial, except admit that NHCS contacted Penn Treaty regarding the AllRisk Healthcare product and program.

  18. Admit the averments of paragraph 18.

  19.–20. Deny the averments of paragraphs 19 and 20, except lack knowledge or information sufficient to form a belief as to the truth of the averments regarding what Glen Levit recognized or communicated to NHCS and therefore deny the averments and demand strict proof thereof at trial.

  21. With respect to the averments of paragraph 21, respectfully refer the Court to Exhibit A to the Amended Complaint for the contents thereof..

  22. With respect to the averments of paragraph 22, respectfully refer the Court to Exhibit B to the Amended Complaint for the contents thereof.

  23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 23 and therefore deny the averments and demand strict proof thereof at trial, except respectfully refer the Court to Exhibit C to the Amended Complaint for the contents thereof.

  24. Defendants lack knowledge or information to form a belief as to the truth of the averments of paragraph 24 and therefore deny the averments and demand strict proof

thereof at trial, except respectfully refer the Court to Exhibit D to the Amended Complaint for the contents thereof.

25. Deny the averments of paragraph 25.

26. Defendants lack knowledge or information to form a belief as to the truth of the averments of paragraph 26 and therefore deny the averments and demand strict proof thereof at trial, except respectfully refer the Court to Exhibit E to the Amended Complaint for the contents thereof.

27. Deny the averments of paragraph 27, except admit that defendant PTNA wired $125,000 to defendant NHCS's bank account pursuant to the Promissory Note.

28. Deny the averments of paragraph 28.

29. Deny the averments of paragraph 29.

30. With respect to the averments of paragraph 30, respectfully refer the Court to Exhibit F to the Amended Complaint for the contents thereof.

31. With respect to the averments of paragraph 31, respectfully refer the Court to Exhibit G to the Amended Complaint for the contents thereof.

32. Admit that Penn Treaty and PTNA did not, as the parties envisioned, provide a draft agreement documenting the August 21, 2000 Letter Amendment, except respectfully refer the Court to the August 21, 2000 Letter Amendment for the contents thereof.

33. Admit the averments of paragraph 33.

34. Deny the averments of paragraph 34.

35. Admit that Glen Levit died unexpectedly on October 3, 2000.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 36 and therefore deny the averments and demand strict proof thereof at trial.

37. Deny the averments of paragraph 37, except admit that while SFCC itself did not begin marketing the AllRisk program until February 2001, the program had been marketed by PTNA until that point.

38. Deny the averments of paragraph 38, except admit that the AllRisk program was never marketed in some states because, <u>inter alia</u>, such marketing would have been contrary to law.

39. Deny the averments of paragraph 39.

40. With respect to the averments of paragraph 40, respectfully refer the Court to Exhibit H to the Amended Complaint for the contents thereof.

41. With respect to the averments of paragraph 41, respectfully refer the Court to Exhibit I to the Amended Complaint for the contents thereof.

42.–47. Deny the averments of paragraphs 42 through 47.

48. Deny the averments of paragraph 48, except respectfully refer the Court to Exhibit J to the Amended Complaint for the contents thereof.

49. With respect to the averments of paragraph 49, respectfully refer the Court to Exhibits I and K to the Amended Complaint for the contents thereof.

50. Deny the averments of paragraph 50.

51. Deny the averments of paragraph 51, except respectfully refer the Court to Exhibit L to the Amended Complaint for the contents thereof.

52. Admit the averments of paragraph 52 and respectfully refer the Court to Exhibit M to the Amended Complaint for the contents thereof.

53. Deny the averments of paragraph 53, except admit that plaintiff demanded arbitration with the defendants in December 2001 under the Agreement.

54. Deny the averments of paragraph 54.

55. With respect to the averments of paragraph 55, respectfully refer the Court to Exhibit N to the Amended Complaint for the contents thereof.

## COUNT ONE

56. Restate and reaver their answers to paragraphs 1 through 55 as though fully set forth herein.

57.–61. Deny the averments of paragraphs 57 through 61.

## COUNT TWO

62. Restate and reaver their answers to paragraphs 1 through 61 as though fully set forth herein.

63.–64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 63 and 64 and therefore deny the averments and demand strict proof thereof at trial.

65.–67. Deny the averments of paragraphs 65 through 67.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint, and each of the counts thereof, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's misappropriation claim is barred by the gist of the action doctrine.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

### FOURTH DEFENSE

Plaintiff's misappropriation claim is barred by the statute of limitations.

**FIFTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

**SIXTH DEFENSE**

The complaint fails as a matter of law to state a claim for punitive damages.

**SEVENTH DEFENSE**

Any and all damage to plaintiff was not caused by defendants, but by the wrongful conduct of plaintiff and/or others.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by plaintiff's failure to fulfill its obligations under its contracts with defendants, which preceded and excused any alleged breach by defendants of such contracts.

**NINTH DEFENSE**

Defendants deny that they have failed to perform their contractual responsibilities, but to the extent any such failure is found, it is excused because performance was either impossible or contrary to law.

**COUNTERCLAIM**

**BREACH OF CONTRACT**

1. Defendant PTNA and Plaintiff National Health Care Services, Inc., ("NHCS") entered into a contract dated October 21, 1999 ("Contract").

2. Under the terms of the Contract, including Exhibit B ("Exhibit B") thereto, NHCS was responsible for "Ongoing, Program Development, Management and Service Functions." Plaintiff's witnesses have admitted that NHCS was obligated to perform the obligations set forth in Exhibit B.

3. NHCS materially breached the Contract by failing to fulfill its obligations under the Contract, including without limitation the obligations set forth in Exhibit B.

4. Among other things, NHCS failed to manage the development of fulfillment packages, failed to develop Program logistics, failed to develop a provider network, failed to maintain a toll free customer service number, and involved Michael Callahan – an attorney with absolutely no experience in the discount card or healthcare industries – in the management of NHCS and AllRisk.

5. Defendants materially performed all of their obligations under the Contract.

6. Under the Contract, Defendants are entitled to recover their reasonable attorneys' fees and costs, in an amount to be determined by the Court, including pursuant to Section 8.2 of the Contract, which provides that NHCS shall indemnify for "reasonable attorneys' fees and associated costs, incurred as a result of or in connection with any breach on the part of NHCS of any duty or obligation" under the Contract.

7. As a result of these breaches, Defendants have been damaged by having to expend substantial sums on attorneys' fees and costs.

WHEREFORE, defendants pray that judgment on NHCS's claims be entered in Defendants' favor and against NHCS, and that judgment on Defendants' counterclaim be entered in Defendants' favor and against NHCS, and that Defendants be awarded attorneys' fees and costs, in an amount to be determined by the Court, together with such other and further relief as the Court finds just and proper.

    Respectfully submitted,

/s/ Douglas L. Flitter
Martin C. Bryce, Jr.
Douglas L. Flitter
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
(215) 665-8500
Attorneys for Defendants

    -and-

Mindy J. Spector
David L. Yohai
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
(212) 310-8000

Dated:  February 2, 2005