IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL HEALTHCARE SERVICES, INC., : <br> Plaintiff, : <br> : <br> v. : <br> : <br> PENN TREATY AMERICAN : <br> CORPORATION, et al. : <br> Defendants. : | CIVIL ACTION <br> NO. 02-CV-3600 (MM) |

PLAINTIFF'S MOTION TO AMEND
THE DECEMBER 8, 2004 SCHEDULING ORDER

Plaintiff, National Healthcare Services, Inc. ("**NHCS**"), by and through its undersigned counsel, hereby moves this Court to amend the Scheduling Order entered on December 8, 2004, so as to extend the time for service of expert reports for thirty (30) days. In support of the motion, NHCS relies upon the accompanying memorandum of law.

Respectfully submitted,

_Ronald J. Shaffer_
Ronald J. Shaffer
Stephanie Resnick
**FOX ROTHSCHILD LLP**
2000 Market Street – Tenth Floor
Philadelphia, Pennsylvania 19103-3291
(215) 299-2000

**ATTORNEYS FOR PLAINTIFF,**
**NATIONAL HEALTHCARE SERVICES, INC.**

**DATED:**   February 4, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL HEALTHCARE SERVICES, INC., Plaintiff, | CIVIL ACTION NO. 02-CV-3600 (MM) |
| v. | |
| PENN TREATY AMERICAN CORPORATION, et al. Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO AMEND THE DECEMBER 8, 2004 SCHEDULING ORDER**

Plaintiff, National Healthcare Services, Inc. ("**NHCS**"), by and through its undersigned counsel, respectfully submits this brief in support of its motion to amend the Scheduling Order entered on December 8, 2004, so as to extend the time, for 30 days, for NHCS to serve its expert report currently due on February 22, 2005.

Although the undersigned sought Penn Treaty's consent for a 30 day extension of time before filing this motion, New York counsel refused to grant any extension. Rather, counsel for Penn Treaty stated that the matter could be addressed at the conference scheduled with the Court on February 11, 2005, a mere eleven (11) days before the expert report would otherwise be due under the current scheduling order. A copy of counsel's email is attached hereto as Exhibit "A". This lack of professional courtesy for a minor delay was especially disappointing in light of the fact that when the current scheduling order for the remainder of the case was entered into upon agreement of the parties, Penn Treaty failed to disclose to the undersigned its intent to file a counterclaim raising many new issues in this action. As a practical matter, Penn Treaty knows that delaying the request for an extension of expert reports until the scheduled conference is

unacceptable because it could potentially prejudice NHCS. As a result, NHCS is compelled to file a formal motion to request a thirty (30) day extension of time to file its expert report.

## ARGUMENT

This case is now three years old. All fact discovery was completed in 2003. The undersigned counsel did not enter his appearance as counsel for NHCS until August, 2004, replacing Robert Rivera-Soto, Esquire, who was then nominated and later confirmed as an Associate Justice of the Supreme Court of New Jersey. On March 17, 2004, following the Court's denial of both parties' motions for summary judgment, the Court, upon the agreement of the parties, referred this case for a settlement conference with Magistrate Judge Linda Caracappa. The settlement process went on until November 18, 2004, when Judge Caraccappa sent a letter to the Court stating that the settlement conference in the matter was unsuccessful. In light of the substantial legal fees already incurred in this matter and so as not to incur unnecessary legal expense, the undersigned did not undertake a comprehensive review of the numerous boxes of documents produced by Penn Treaty and deposition transcripts until after November 18, 2004 when it was clear that the case would not settle.

At the time the current scheduling order for the remainder of the case was entered on December 8, 2004, it was the undersigned counsel's good faith expectation he could get "up to speed" quickly and that the deadline of February 22, 2005 in order to produce plaintiff's expert report could be met. Penn Treaty's expert report is due April 11, 2005 and NHCS's reply expert report is due on May 3, 2005. Unfortunately, as a result of the holidays and undersigned counsel's vacation, the process of completing review of the case and having an expert report prepared has been delayed. Moreover, additional delay was caused in responding to Penn Treaty's 13th hour motion for leave to assert a counterclaim.

2

NHCS anticipates filing a motion to dismiss the counterclaim, filed only two days ago and, if the counterclaim survives, additional discovery will be necessary. In fact, in its Order granting the motion to file a counterclaim, the Court noted that the purpose of the February 12, 2005 conference is "to discuss the nature of any additional discovery requested by the parties. A schedule for such discovery, and whether or not the defendants should bear the burden of the expense of some of the additional discovery." Order dated January 27, 2005, p. 3.

No trial date has been set. Additional discovery of defendants, including re-deposing many of defendants' witnesses, will be required in light of the numerous new issues raised by Penn Treaty. It is also likely that the current scheduling order will need to be substantially revised in any event. The requested extension of 30 days does not prejudice Penn Treaty in any way.

## CONCLUSION

In light of the circumstances set forth above, as well as this Court's Order allowing Penn Treaty to assert its counterclaim, it is respectfully requested that this Honorable Court amend the Scheduling Order of December 8, 2004 to allow NHCS an additional thirty (30) days to serve its expert report(s).

Respectfully submitted,

_____
Ronald J. Shaffer
Stephanie Resnick
**FOX ROTHSCHILD LLP**
2000 Market Street – Tenth Floor
Philadelphia, Pennsylvania 19103-3291
(215) 299-2000
**ATTORNEYS FOR PLAINTIFF,
NATIONAL HEALTHCARE SERVICES, INC.**

**DATED:**     February 4, 2005

**EXHIBIT "A"**

## Shaffer, Ronald

**From:** david.yohai@weil.com
**Sent:** Monday, January 31, 2005 7:01 PM
**To:** Shaffer, Ronald
**Cc:** Resnick, Stephanie; mindy.spector@weil.com
**Subject:** Re: NHCS v. Penn Treaty

Dear Ron --

    We think this issue is best addressed in the context of the upcoming scheduling conference with the Court. Our current preference is to stay on schedule and move things along per our previously agreed schedule. However, we can discuss this further on Feb 11.

"Shaffer, Ronald" <RShaffer@foxrothschild.com>

01/31/2005 02:38 PM

To: David Yohai/NY/WGM/US@WGM, Mindy Spector/NY/WGM/US@WGM
cc: "Resnick, Stephanie" <SResnick@foxrothschild.com>
Subject: NHCS v. Penn Treaty

Dear Counsel:

I am writing to request a 30 day extension of time in which to produce our expert report. As a result of the impact of the holidays on my schedule, I have been delayed in the process. Moreover, in light of the scheduled conference with the Court, the other deadlines are likely to be changed in any event. Please let me know your position by noon tomorrow so we may contact the Court accordingly. Thank you. Ron Shaffer

**Ronald J. Shaffer, Esquire**
**Fox Rothschild LLP**
**2000 Market Street, 10th Floor**
**Philadelphia, PA 19103**
**Tel: 215-299-2196**
**Fax: 215-299-2150**
**E-Mail: rshaffer@foxrothschild.com**

< END >

**The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this**

## CERTIFICATE OF SERVICE

I certify that on the 4th day of February, 2005, the foregoing Plaintiff's Motion and Memorandum of Law in Support of Its Motion to Amend the Scheduling Order of December 8, 2004 was filed electronically and is available for viewing and downloading from the ECF system; and that a copy was served via Untied States First Class Mail, postage pre-paid on the following:

Mindy J. Spector, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153-0119

Martin C. Bryce, Jr., Esq.
Douglas L. Flitter, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103

_____
Ronald J. Shaffer

**DATED:** February 4, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL HEALTHCARE SERVICES, INC., <br> Plaintiff, <br> v. <br> PENN TREATY AMERICAN CORPORATION, et al. <br> Defendants. | CIVIL ACTION <br> NO. 02-CV-3600 (MM) |

## ORDER

AND NOW this _____ day of _____, 2005, upon consideration of Plaintiff, National Healthcare Services, Inc.'s Motion to Amend The December 8, 2004 Scheduling Order, and Defendants' response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED.

IT IS FURTHER ORDERED that the Scheduling Order entered on December 8, 2004, is hereby amended as follows:

1. **Plaintiff's Expert Report(s).**  Plaintiff shall, consistent with Fed. R. Civ. P. 26(a)(2), serve its expert report(s) on or before March 24, 2005.

2. **Defendants' Expert Report(s).**  Defendants shall, consistent with Fed. R. Civ. P. 26(a)(2), serve their expert report(s) on or before May 11, 2005.

3. **Plaintiff's Reply Expert Report(s).**  Plaintiff shall, consistent with Fed. R. Civ. P. 26(a)(2), serve any reply expert report(s) on or before June 2, 2005.

5. **Motions With Respect to Expert Testimony Or For Summary Judgment.** All motions with respect to proposed expert testimony, or for summary judgment with respect to damages, pursuant to the Court's March 2, 2004 Order stating that summary judgment on damages was "premature," shall be served and filed on or before July 28, 2005. Any opposition brief shall be served and filed on or before August 29, 2005. Any reply brief shall be served and filed on or before September 19, 2005. Plaintiff does not concede that such an additional summary judgment motion is appropriate, but if made would be on this schedule.

In all other respects the Scheduling Order remains unmodified.

BY THE COURT:

_____

HONORABLE MARY A. MCLAUGHLIN